380-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EMARAT MARITIME LLC
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMARAT MARITIME LLC,

        Plaintiff,

-against-

SHANDONG YANTAI MARINE SHIPPING, a/k/a
SHANDONG PROVINCE YANTAI INTERNATIONAL
MARINE SHIPPING CO., a/k/a SHANDONG YANTAI
INTERNATIONAL MARINE SHIPPING CO.,

        Defendant.

---

08 Civ _____ (____)

**VERIFIED COMPLAINT**

Plaintiff EMARAT MARITIME LLC (hereinafter "EMARAT"), for its Verified Complaint against Defendant SHANDONG YANTAI MARINE SHIPPING, a/k/a SHANDONG PROVINCE YANTAI INTERNATIONAL MARINE SHIPPING CO., a/k/a SHANDONG YANTAI INTERNATIONAL MARINE SHIPPING CO. (hereinafter "SYMS"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral

Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2.  At all times material hereto, Plaintiff EMARAT was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at P.O Box 25859, Dubai, United Arab Emirates.

3.  At all times relevant hereto, Defendant SYMS was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in the care of Overseas Chartering Pte Ltd at 37B Mosque Street, 059515, Singapore.

4.  On or about April 15, 2005, Defendant SYMS, as charterer, entered into a maritime contract of charter party with Plaintiff EMARAT, as owner, for use of the M/V DUBAI TRADER over a period of thirty-six (36) months plus/minus thirty (30) days at charterer's option.

5.  Under the terms of the charter, Defendant SYMS was obligated to pay hire at the rate of $11,000 per day pro rata which was payable every fifteen (15) days in advance.

6.  Plaintiff EMARAT duly delivered the M/V DUBAI TRADER into the service of Defendant SYMS on June 9, 2005 at 1952 hours, and, to date, duly performed all of its duties under the terms of the charter.

7.  In breach of the charter, and despite due demand, Defendant SYMS failed to pay five (5) hire payments totaling a sum of $807,250, the entire amount of which remains unpaid and owing under the terms of the charter.

8.  The charter provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and EMARAT specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has been commenced.

9. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff EMARAT's claim made or to be made in the London arbitration and under English law, as agreed by the parties. Arbitration has been commenced.

10. As a regular feature of English law, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the litigation, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

11. Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting their claims in London will be $300,000. Interest anticipated to be awarded is estimated to be $129,338.95 (calculated at the rate of 7.5% per annum compounded quarterly for a period of two years on the principle claim of $807,250, the estimated time for completion of the proceedings in London).

12. In all, the claim for which Plaintiff EMARAT sues in this action, as near as presently may be estimated, totals $1,236,588.95, no part of which has been paid by Defendant SYMS, despite due demand. Plaintiff EMARAT specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure EMARAT.

**Request for Rule B Relief**

13. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant SHANDONG

YANTAI MARINE SHIPPING, a/k/a SHANDONG PROVINCE YANTAI INTERNATIONAL MARINE SHIPPING CO., a/k/a SHANDONG YANTAI INTERNATIONAL MARINE SHIPPING CO. (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

14. The total amount sought to be attached pursuant to the above is **$1,236,588.95**.

WHEREFORE, Plaintiff EMARAT MARITIME LLC prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$1,236,588.95** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant SHANDONG YANTAI MARINE SHIPPING, a/k/a SHANDONG PROVINCE YANTAI INTERNATIONAL MARINE SHIPPING CO., a/k/a SHANDONG YANTAI INTERNATIONAL MARINE SHIPPING CO., including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
July 22, 2008

>FREEHILL HOGAN & MAHAR, LLP
>Attorneys for Plaintiff
>EMARAT MARITIME LLC
>
>By: _____
>Michael E. Unger (MU 0045)
>80 Pine Street
>New York, NY 10005
>(212) 425-1900
>(212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York )
) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
22nd day of July, 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 10

NYDOCS1/309047.1                    6