UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EMARAT MARITIME LLC,                            :
                                                :
                       Plaintiff,               :    08 Civ. 6520 (RMB)
                                                :
        - against -                             :    **ORDER**
                                                :
SHANDONG YANTAI MARINE SHIPPING,                :
a/k/a SHANDONG PROVINCE YANTAI                  :
INTERNATIONAL MARINE SHIPPING CO.,              :
a/k/a SHANDONG YANTAI INTERNATIONAL             :
MARINE SHIPPING CO., GRAND CHINA                :
SHIPPING (YANTAI) CO. LTD., a/k/a DA XIN        :
HUA LOGISTICS, and YANTAI YANYUAN               :
INTERNATIONAL FORWARDING CO. LTD.,              :
                                                :
                       Defendants.              :
------------------------------------------------------------x

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 04.15.09]

On September 2, 2008, Emarat Maritime LLC ("Plaintiff") filed a verified amended complaint ("Complaint") against Shandong Yantai Marine Shipping a/k/a Shandong Province Yantai International Marine Shipping Co. a/k/a Shandong Yantai International Marine Shipping Co. ("SYMS"), Grand China Shipping (Yantai) Co. Ltd. a/k/a Da Xin Hua Logistics ("Grand China"), and Yantai Yanyuan International Forwarding Co. Ltd. ("Yanyuan") (collectively, "Defendants"), alleging, among other things, that "in breach of [a] charter [dated April 15, 2008] SYMS failed to pay hire in the amount of $938,761.20" and that Grand China is an "alter ego of SYMS because SYMS dominates and disregards the corporate form of Grand China." (Compl. ¶¶ 8, 19.) On September 4, 2008, the Court ordered that process of maritime attachment be issued to Plaintiff pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B") in the amount of $1,389,171.09. (See Ex Parte Order for Process of Maritime Attachment and Garnishment, dated Sept. 4, 2008 ("Attachment Order"), at 2.)

On December 1, 2008, Grand China filed a motion to vacate the maritime attachment pursuant to Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule E"), and to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and (2) arguing, among other things, that "SYMS is a foreign state instrumentality under the [Foreign Sovereign Immunities Act ('FSIA')] because its sole shareholder and capital contributor is the State-Owned Assets Supervision and Administration Commission of the People's Government of Yantai City China (the 'Commission')" and "if, as alleged . . . Grand China is the alter ego of SYMS, Grand China is entitled to sovereign immunity." (Mem. of Law in Supp. of Mot. by Grand China to Dismiss this Action and to Vacate a Rule B Writ of Attachment, dated Dec. 1, 2008 ("Grand China Mem."), at 5–6.)

Having reviewed the record herein, including, among other things, the Complaint, Grand China's motion papers, dated December 1, 2008, Plaintiff's opposition papers, dated December 23, 2008, Grand China's reply papers, dated January 14, 2009, and applicable law, the Court finds and directs the following:

Grand China's motions to vacate and dismiss are denied without prejudice. See Outbound Maritime Corp. v. P.T. Indonesian Consortium of Constr. Indus., 575 F. Supp. 1222, 1224 (S.D.N.Y. 1983). "In general, 'a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States,' except as provided in the FSIA and subject to existing treaties." Ocean Line Holdings Ltd. v. China Nat'l Chartering Corp., 578 F. Supp. 2d 621, 623 (S.D.N.Y. 2008) (quoting 28 U.S.C. § 1604). "The FSIA defines, in general, a 'foreign state' as 'a political subdivision of a foreign state or an agency or instrumentality of a foreign

state.'" Id. "In this case, [Grand China] bears the burden of producing evidence to establish its claim of sovereign immunity." Outbound Maritime, 575 F. Supp. at 1224.

Grand China submits the declaration, dated November 25, 2008, of Lu Jianping, Supervisor of Grand China, which states, among other things, that "SYMS is in fact, a state-owned entity, not a private company and it was established with a State organization [i.e. the Commission] as its only investor." (Decl. of Lu Jianping, dated Nov. 25, 2008 ("Lu Decl."), ¶ 10.) The Lu Declaration is "insufficient to make out a prima facie claim of sovereign immunity," Outbound Maritime, 575 F. Supp. at 1224, because Mr. Lu's conclusory statement does not provide the Court with a sufficient legal basis or analysis to determine whether SYMS and/or Grand China is in fact and at law entitled to sovereign immunity. See 28 U.S.C. § 1608.

### Order

For the reasons stated herein, Grand China's motions to vacate the attachment and to dismiss [#13] are denied without prejudice.

Dated: New York, New York
April 15, 2009

_____
**RICHARD M. BERMAN, U.S.D.J.**